### SOLOMON ASHLEY *vs.* AARON ASHLEY.

A reversioner occupying land by the parol permission of the tenant for life may maintain an action for injury occasioned to the land by stopping a watercourse flowing through it.

Evidence that the grantee, at the time of receiving a deed of land, agreed by parol that the grantor might continue to exercise a right of way over the land, not reserved in the deed, is admissible for the purpose of showing that the grantor's subsequent possession of such easement for twenty years commenced under a claim of right.

It is no ground for arresting judgment, in an action for stopping a watercourse and thereby flowing the plaintiff's land, that the declaration, which alleges that the plaintiff was seized and possessed of a certain lot of land, from which the water which fell and flowed thereon was accustomed to flow off through this watercourse in the land of the defendant does not more particularly describe the plaintiff's right.

TRESPASS ON THE CASE. Writ dated April 10th 1851. The declaration alleged that the plaintiff, on the 1st of July 1847, and from that time to the present, had been seized and possessed of a tract of land in West Springfield, (described,) which was valuable for the purposes of cultivation, mowing and tillage, and from which the water which fell upon the same, and which flowed upon it from adjacent lands, was accustomed before that time, for a long space, to flow through a certain drain or watercourse leading from said land, over and across the adjoining land of the defendant; that the plaintiff was also, during the same time, seized and possessed of a right of way leading to his lot over and across the adjoining land of the defendant, with teams, carts and carriages, with his crops, hay, grain, &c., which right of way the plaintiff had, during the time aforesaid, and long before, used, occupied and enjoyed, to his great profit and advantage; and that the defendant, on said first day of July and at other times since, had ploughed up and filled up the watercourse and drain, and raised an embankment upon his lot, so as to cause the water to flow back upon the plaintiff's lot, and upon the land of the defendant over which the plaintiff had said right of way, and to render the plaintiff's land spongy, rotten and of no value, and the right of way soft, miry, impassable and of no use to the plaintiff, and had kept up and maintained the embankment, and kept the drain and watercourse filled and stopped up, during all the time aforesaid, to the great damage of the plaintiff.

17 *

All the lands mentioned in the declaration were formerly owned by Solomon Ashley, Senior, the plaintiff's father, whose widow was duly appointed administratrix of his estate; and to whom the lot now claimed by the plaintiff was set off for her dower in 1822, without any recital as to any easement upon the defendant's lot.  The defendant claimed title under a deed made by said administratrix in 1823, under license of the probate court.  The case was tried in this court at September term 1851, and a verdict returned for the plaintiff, which was afterwards set aside as against the weight of evidence.  A new trial was had at May term 1854, before *Dewey*, J., who made a report thereof, after a verdict for the plaintiff, to the full court, the substance of which is stated in the opinion.  The arguments upon this report were had at Boston in January 1855.

The defendant at the same time moved in arrest of judgment, on the ground that the declaration set forth no legal cause of action ; and argued that it was insufficient, in not setting forth any legal title to a watercourse, and containing no averment that the water had been accustomed usually to flow as alleged for twenty years ; and cited *Greenleaf* v. *Francis*, 18 Pick. 117 ; *Shields* v. *Arndt*, 3 Green Ch. 246 ; Angell on Watercourses, § 4.

*R. A. Chapman*, for the defendant.

*W. G. Bates*, for the plaintiff.

SHAW, C. J.  This is an action brought to recover damages for a disturbance of the plaintiff's easement, in stopping a watercourse through land of the defendant, by which the plaintiff's land was rendered wet and unproductive, and by which a right of way in other land of the defendant was rendered miry and impassable.

It was contended by the defendant, that whatever damage, if any, was done by stopping such drain or watercourse, the plaintiff had no such interest in the estate, in right of which he claimed the easement, as to enable him to bring an action.  It appeared that the plaintiff's lot had been set off to his mother, as dower, that the plaintiff took a share in the reversion by descent, and had acquired the rights of the other heirs by purchase. There was also evidence tending to show that, by parol agree-

ment, she had surrendered her life estate to the plaintiff, and put him into actual possession. The judge ruled, reserving the question, that the evidence was competent to go to the jury, and that these facts, if proved, would give the plaintiff a sufficient title to maintain the action. We are of opinion that this direction was right. Whether the tenant for life might have revoked her parol agreement or not, if she had not revoked it, when the damage was done, and the plaintiff had the reversion in his own right, and the actual possession by a subsisting tenancy at will, there was a damage, both to his reversion, and to his right of possession, sufficient to enable him to maintain the action.

The plaintiff, in order to establish the right of way, alleged in his declaration to have been disturbed by the stopping of the drain or watercourse, relied on a parol reservation made by his mother, at the time of selling the land, under a license of court, as administratrix of her husband, for the payment of debts ; and offered to show that when the deed was made by the administratrix to the defendant, there being no way reserved, the defendant assured her or her agent that she should have a right of way for the use of her lot, now held by the plaintiff, as if it were reserved. The judge had ruled that, by force and effect of the deed given by the administratrix to the defendant, he had the land free from any servitude in favor of the upper lot, or any right to a watercourse over that of the defendant; and that, if such servitude existed at all, it had arisen since that time, by adverse use and enjoyment for the term of twenty years. Upon this point, the evidence offered by the plaintiff was, that when the agent of the administratrix delivered to the defendant the deed, he stated that it reserved no right of way to her own lot, and that the defendant then said she might pass over the land as much as she pleased, as much as if the right of way was in the deed.

Here the question was whether the right of way could be established by twenty years' adverse, continued and uninterrupted enjoyment. The judge, against the objection of the defendant, held that this evidence was competent, not because a right of way can be created by a parol grant, but to show that the plaintiff commenced the actual use of the way under a claim

of right. The court are of opinion that this was correct, for the purpose and to the extent, to which it was limited. The evidence had a tendency to show that the plaintiff used the way openly as of right, against the owner of the soil, and so was adverse, and this was one of the elements for establishing an easement by prescription. It was within the principle of *Barker* v. *Salmon*, 2 Met. 32; *Brown* v. *King*, 5 Met. 173; and *Sumner* v. *Stevens*, 6 Met. 337. This principle is, that possession under a claim of title, with or without deed, is adverse; and that principle applies as well in case of easements, incorporeal hereditaments, and interests in land, as to the title to land itself.

We see no ground on which the motion in arrest of judgment can be sustained. The plaintiff alleges in his declaration that he was seized and possessed of a tract of land described; that, as incident to this lot, he had a right of drainage through and over the land of the defendant; and that he had a right of way over another parcel of land; both of which rights were disturbed and impaired by the defendant, by filling up a trench on his own land, and thereby setting the water back, and flowing the plaintiff's land and way. It is the statement of one single injurious act done by the defendant on his own land, and two kinds of consequential damage done thereby to the plaintiff.

*Judgment on the verdict.*